**\*NOT FOR PUBLICATON\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHIARA DANIELLA HOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>ANTONY BLINKEN[1], *et al*.<br><br>Defendants. | Civil Action No. 20-CV-18938 (FLW)<br><br>**OPINION** |

**WOLFSON, Chief Judge:**

This matter arises from a denied passport application. Chiara Daniela Holley ("Holley" or "Plaintiff") seeks review of the Philadelphia Passport Agency's denial of her U.S. passport under the Administrative Procedure Act ("APA"), 5. U.S.C. §§ 701 et seq., Mandamus Act, 28 U.S.C. § 1361, and Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.  Plaintiff also brought claims under the Fifth Amendment of the U.S. Constitution and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Before the Court is the Government's motion to dismiss the APA, Mandamus Act, and DJA claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim.  The Government moves to dismiss the Fifth Amendment and EAJA claims for failure to state a claim.  For the following reasons, the Government's motion to dismiss is **GRANTED**.  Plaintiff's APA, DJA, and Mandamus Act claims are dismissed with prejudice.  Plaintiff's Fifth Amendment and EAJA claims are dismissed without prejudice.  Plaintiff is given leave to amend her complaint, within 21 days from the date of the

---

[1]   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, current Secretary of State, Antony Blinken, is substituted for Defendant Michael R. Pompeo.

1

accompanying Order, to assert a claim under section 1503(a) of the Immigration and Nationality Act, consistent with this Opinion.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For the purposes of this motion, the Court takes as true all allegations in Plaintiff's complaint.[2] Ms. Holley was born in Peru in 1993 to a Peruvian mother. (ECF No. 1, ¶ 10.) Her biological father's name was not noted on the Peruvian birth certificate. (Pl. Opp'n., p. 2.) On July 28, 2007, Ms. Holley, at the age of 14, obtained lawful permanent resident status in the U.S.,[3] and on February 3, 2011, Ms. Holley's mother's boyfriend, Keith Holley, a U.S. citizen, purportedly legitimated Ms. Holley, according to Peruvian law.[4] (ECF No. 1, ¶¶ 11-12.) Ms. Holley was 17 years old at the time. After her 18th birthday, Ms. Holley returned to Peru to study and abandoned her U.S. lawful permanent residency. (Pl. Opp'n., p. 2.) On January 22, 2019, Ms. Holley re-entered the United States on a tourist visa. Thereafter, Ms. Holley sought an extension of her tourist status pending resolution of her U.S. citizenship application. (*See* Notice of Receipt of 1-539, Application to Extend-Change Nonimmigrant Status, dated May 29, 2020.) On or about March 12, 2020, Ms. Holley applied for a U.S. passport with the United States Department of State, Philadelphia Passport Agency (the "Agency"), and on October 5, 2020 the Agency denied her request. (*See* October 5, 2020 Letter from Orlando L. Rivera, Director, U.S. Dept. of State to

---

[2]  Plaintiff's complaint alleges certain facts, but she also includes other facts in her opposition brief that are not pled in the complaint. (Pl. Br. in Opp'n. to Gov't.'s Mot. to Dismiss ("Pl. Opp'n."), p. 2.) It is well-settled, however, that Plaintiff cannot amend her complaint through a brief. *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018). Nevertheless, because the facts added in Plaintiff's brief are more akin to background information and are undisputed by the Government, I will consider them in my subject matter jurisdiction analysis.

[3]  Neither Plaintiff's complaint nor opposition brief provide a date for Ms. Holley's initial arrival to the U.S.

[4]  Plaintiff has failed to explain what actions Mr. Holley took to legitimize her in Peru, *e.g.*, through adoption or otherwise.

Ms. Holley.) The Agency determined Ms. Holley did not qualify for U.S. citizenship, because there was no evidence that she was adopted by Mr. Holley. (*Id*.) On December 14, 2020, Ms. Holley filed the instant complaint. (ECF No. 1.)

I. **LEGAL STANDARD**

A. **Federal Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim when there is no subject matter jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A Rule 12(b)(1) motion can raise a facial attack or a factual attack, which determines the standard of review. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citations omitted); *In re Horizon Healthcare Servs. Inc. Data Breach Litig*., 846 F.3d 625, 632 (3d Cir. 2017). On a facial attack, courts "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," since the motion contests the sufficiency of the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

On a factual attack, courts may "consider evidence outside the pleadings," such as affidavits, since the motion contests the underlying basis for jurisdiction. *Gould Elecs. Inc*., 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) ("[A] factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.") (quotations and citation omitted). In such circumstances, the court "is free to weigh the evidence and satisfy itself as to

the existence of its power to hear the case," *Mortensen*, 549 F.2d at 891, but "must be careful [ ] not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly." *Kestelboym v. Chertoff*, 538 F. Supp. 2d 813, 815 (D.N.J. 2008) (quotations and citation omitted). The proponent of jurisdiction bears the burden to prove that it exists throughout the litigation. *Mortensen*, 549 F.2d at 891.  Here, the Government mounts a facial attack to Plaintiff's complaint.

### B. Federal Rule 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotations and citation omitted). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

## II. DISCUSSION

The Government argues that Plaintiff's APA, Mandamus Act, and DJA claims should be dismissed for lack of subject matter jurisdiction. (Government's Motion to Dismiss ("Gov't. Mot.") pp. 4-12.)[5] Because Plaintiff concedes that her Mandamus Act cause of action is improper, I limit my analysis to the APA and DJA claims.

### A. The Administrative Procedure Act

Plaintiff claims that the Government's "refusal to properly adjudicate [her] passport application" constitutes a violation of the Administrative Procedure Act, 5 U.S.C. § 706. (ECF No. 1, ¶ 21.) The APA authorizes courts to "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, 5 U.S.C. § 704 circumscribes the universe of reviewable agency actions to "[a]gency action[s] made reviewable by statute and final agency action[s] for which there is *no other adequate remedy* in a court." 5 U.S.C. § 704 (emphasis added.) In other words, waiver of the APA's sovereign immunity is triggered only where no other judicial remedies are available. Where an adequate alternative remedy exists, APA claims are precluded. *See, e.g., Turner v. Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 449 F.3d 536, 540 (3d Cir. 2006) (reaffirming decision below that section 813 of the Fair Housing Act ("FHA") provided plaintiff with another adequate remedy barring judicial review under the APA); *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 337 (D.N.J. 2009) (finding Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") provisions "provide adequate remedy such that

---

[5]   The Government also argues that Plaintiff's APA, Mandamus Act, and DJA claims fail to state a claim under Fed. R. Civ. P. 12(b)(6). (Gov't. Mot., pp. 11-12.) However, I need not address that argument since I find, *see infra*, that dismissal is appropriate as to the APA and DJA claims, and Plaintiff does not oppose the dismissal of her Mandamus claim. (Pl. Opp'n., p. 5.)

application of the APA is unnecessary and superfluous"); *Samahon v. F.B.I.*, 40 F. Supp. 3d 498, 526, n. 13 (E.D. Pa. 2014) (APA claims barred due to adequate remedy provided by the Freedom of Information Act ("FOIA")).

In that connection, the Government argues that 8 U.S.C. § 1503 of the Immigration and Nationality Act ("INA") provides Plaintiff with such a remedy in this case. (Gov't. Mot., p. 6.) Under that statute, plaintiffs who have been denied the rights and privileges of citizenship may pursue relief in one of two ways: through the filing of a habeas petition if denied admission at the port of entry under §§1503(b)-(c), or if granted admission, by filing a declaratory judgment action under §1503(a) seeking "judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a)-(c). In pertinent part, 8 U.S.C. § 1503(a) states the following:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that [she] is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . . An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a). Both parties acknowledge that the Third Circuit has not addressed the issue of whether 8 U.S.C. § 1503 claims provide an adequate alternative remedy to APA review when the Department of State denies an individual's application for a passport on the ground that the individual is not a U.S. citizen. However, numerous other federal courts have addressed this precise issue. In *Hinojosa v. Horn*, the Fifth Circuit found that section 1503(a) precluded passport applicants' APA claims, reasoning that 1503(a) establishes an adequate alternative remedy in court

because the provision provides "a direct and guaranteed path to judicial review." 896 F.3d 305, 312 (5th Cir. 2018); *see also Xia v. Tillerson*, 865 F.3d 643, 655 (D.C. Cir. 2017) ("Section 1503 of Title 8 of the U.S. Code provides plaintiffs an adequate avenue to assert their citizenship claims"); *Ali v. U.S. Dep't of State*, 20-01436, 2021 WL 1026068, at *3 (D.D.C. Mar. 17, 2021) (dismissing plaintiff's APA claim challenging revocation of passport because section 1503 provides adequate alternative remedy); *Raya v. Clinton*, 703 F.Supp.2d 569, 576 (W.D. Va. 2010)) (dismissing plaintiff's APA claim after finding plaintiff could challenge the denial of her passport application through section 1503(a)); *Esparza v. Clinton*, No. 12-925, 2012 WL 6738281, at *1 ((D. Ore. Dec. 21, 2012) (dismissing APA claim on Rule 12(b)(6) motion because § 1503(a) provides adequate remedy to address plaintiff's claim for passport).

In the instant matter, the Government argues that the option to seek declaration of U.S. citizenship under § 1503(a) affords Plaintiff an adequate alternative remedy through which she may challenge the denial of her passport application. (Gov't. Mot., p. 6.) Plaintiff's argument centers on the term "residence" as defined in section 1503(a). According to Plaintiff, she cannot invoke §1503, because while she is physically located within the U.S., she technically does not reside within the U.S. due to her B1/B2 visitor status. (Pl. Opp'n., p. 4.) Plaintiff further argues that that her non-resident status distinguishes her from one of the plaintiffs in *Horn*, who claimed U.S. citizenship at the Mexico/U.S. border and was found to have a clear path to judicial review through §§1503(b)-(c). Plaintiff contends that the option to file a habeas petition if denied admission at the port of entry under §§1503(b)-(c) is inapplicable to her circumstances as she is located within the U.S. (Pl. Opp'n., p. 4.)

I reject Plaintiff's assertion that she does not reside in the U.S. for the purposes of section 1503(a). Section 1503(a) permits a plaintiff to institute an action "in the district court of the United

States for the district in which such person resides or claims a residence." The term "residence" under the INA is defined as "the place of general abode." 8 U.S.C. § 1101(a)(33). According to the INA, the place of general abode of a person means "his principal, actual dwelling place in fact, without regard to intent." *Id*. Plaintiff has alleged, at least for the purposes of filing her complaint, she resides in New Jersey. (Pl. Opp'n, p. 3; ECF No. 1, ¶3 ("Plaintiff resides in this district specifically in Barnegat, New Jersey.")) Further, according to Plaintiff, she reentered the U.S. on a visitor's visa on January 22, 2019, and has physically remained in New Jersey since that time. (Pl. Opp'n, p. 2.) Because Plaintiff has pled that she is living in the U.S., and that she does not indicate any other physical residence, the Court is satisfied that since returning to the U.S., Plaintiff's actual principal residence is in New Jersey within the meaning of sections 1101(a)(33) and 1503(a) of the INA. *See de Rodriguez v. Holder*, 724 F.3d 1147, 1151 (9th Cir. 2013) ("The [INA] does not treat every dwelling in which a[] [non-citizen] stays as a new residence; the text instructs courts to take a wider view, deeming the '*principal,* actual dwelling place' and 'the place of *general* abode' to be the residence" (citation omitted)); *Villafranca v. Tillerson*, No. 16-77, 2017 WL 9249483, at *10 (S.D. Tex. Mar. 6, 2017), *report and recommendation adopted*, No. 16-00077, 2017 WL 2735589 (S.D. Tex. June 26, 2017) (explaining that under the INA, residency is "an objective test based on where [plaintiff] actually lives his life, rather than based on his subjective intent.").

### B.  Declaratory Judgment Act Claim

In similar fashion to Plaintiff's APA cause of action, Plaintiff maintains that there is no jurisdictional impediment to consider her Declaratory Judgment Act claim. The Third Circuit, however, has clearly signaled that the DJA does not create an independent basis for federal jurisdiction. *See Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016)

("Th[e] [DJA] does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)). Plaintiff's reliance on *McGill v. Att'y Gen. U.S.*, 623 F. App'x 49 (3d Cir. 2015) (unpublished), is misplaced, as *McGill* does not depart from this principle. Indeed, although *McGill* found that "[t]he District Court ha[d] jurisdiction to consider the merits of [plaintiff's] complaint pursuant to 8 U.S.C. §1503(a) *and* the Declaratory Judgment Act, 28 U.S.C. § 2201," it did not hold that a DJA claim could be brought as an independent claim. *McGill*, 623 F. App'x at 49 (emphasis added). Rather, because Plaintiff's APA claim is dismissed for lack of subject matter jurisdiction, Plaintiff cannot rely on the DJA as an independent basis for relief. In that regard, only if Plaintiff were to bring a section 1503 claim in this context, could she assert a parallel DJA claim consistent with *McGill*. *See Hassan v. Holder*, 793 F. Supp. 2d 440, 446 (D.D.C. 2011) (noting that the DJA provides relief only where a judicially remediable right already exists, such as section 1503(a)); *Tavera v. Harley-Bell*, No. 09-0299, 2010 WL 1308800, at *3 (S.D. Tex. Mar. 31, 2010) (finding that the DJA could not independently confer jurisdiction upon the court absent some other statutory basis, *i.e.*, absent section 1503(a)); *Garza v. Clinton*, No. 10-0049, 2010 WL 5464263, at *2 (S.D. Tex. Dec. 29, 2010) ("Because §1503 vests the court with subject-matter jurisdiction, the Court also has power to grant the relief sought under the [DJA].").

### C. Fifth Amendment

The Government also argues that Plaintiff's Fifth amendment and EAJA claims[6] should be dismissed for failure to state a claim. (Def. Mot., pp. 11-12.) Plaintiff argues that Defendant

---

[6] Plaintiff concedes that her EAJA claim, which seeks attorney's fees and costs, is not an independent cause of action, and that the entitlement to fees rests on the success of her substantive

9

violated her substantive and procedural due process rights under the Fifth Amendment in failing to issue her a U.S. passport and properly adjudicate her U.S. passport application. (ECF No. 1., ¶¶ 16-17.) Although Plaintiff failed to identify deprivation of any right or any deprivation of life, liberty, or property in her complaint, she argues against dismissal based on the allegation that she is a U.S. citizen. In other words, Plaintiff contends that because the Government wrongfully adjudicated her citizenship status, the Government has violated her Fifth Amendment rights. (Pl. Opp'n, p. 8.) The cases upon which Plaintiff relies, however, do not squarely support her position. In *Dessouki v. Attorney Gen.*, a plaintiff sought declaration of citizenship under 8 U.S.C. §1503(a) in the district court following the Board of Immigration Appeals' affirmation of removal proceedings. 915 F.3d 964, 966 (3d Cir. 2019). The Third Circuit held that 8 U.S.C. § 1252(b)(5)(A) conferred subject matter jurisdiction on the court to hear the nationality claim, but dismissed the plaintiff's citizenship claim on the merits. *Id*. at 966-67. In so holding, the Third Circuit explained that "[a] contrary reading [of the statute] would raise serious constitutional concerns" because "[t]he Executive cannot deport a citizen." *Id*. at 967. Importantly, the court relied upon the Supreme Court's decision in *Ng Fung Ho v. White* for the proposition that a "claim of citizenship is thus a denial of an essential jurisdictional fact" in the *deportation* context. *Id*. (quoting *Ng Fung Ho v. White*, 259 U.S. 276 (1922)). Indeed, *Ng Fung Ho* describes the due process concerns of an individual facing deportation:

> Jurisdiction in the executive to order deportation exists only if the person arrested is an alien. The claim of citizenship is thus a denial of an essential jurisdictional fact . . . . To deport one who so claims to be a citizen obviously deprives him of liberty . . . . It may result also in loss of both property and life, or of all that makes life worth living. Against the danger of such deprivation without the sanction

---

claims. Thus, the EAJA claim is dismissed as an independent cause of action. To the extent Plaintiff amends her complaint, she may seek fees under the EAJA as part of the relief sought.

10

> afforded by judicial proceedings, the Fifth Amendment affords protection in its guarantee of due process of law.

*Id*. at 284-85.  However, *Ng Fung Ho* and *Dessouki* do not support Plaintiff's position that a citizenship claim raises due process concerns outside the context of removal proceedings.  Rather, the Supreme Court explained that during removal proceedings, a plaintiff may raise an affirmative defense that he or she is a citizen such that deportation would amount to deprivation of rights under the Fifth Amendment.  In the instant case, however, Plaintiff has not suffered the type of deprivation akin to deportation.  Rather, while Plaintiff alleges that the Government has wrongfully adjusted her citizenship status, according to Plaintiff's own allegations, the Government has processed her passport application without incident.  What is more, Plaintiff sought to extend her visitor's visa, which was granted, and presumably, she is legally residing in the U.S. pending the resolution of this proceeding.  (*See* Notice of Receipt of 1-539, Application to Extend-Change Nonimmigrant Status, dated May 29, 2020.)  Accordingly, I find that Plaintiff has not sufficiently alleged that she has been deprived of her due process rights at this time.

To the extent Plaintiff seeks to challenge the Government's citizenship decision through the Fifth Amendment, that claim also fails.  Although the Supreme Court has recognized a plaintiff's right to assert affirmative defenses under the Fifth Amendment in the deportation context, Plaintiff has not cited to any authority that would permit her to assert a Fifth Amendment claim in order to circumvent challenging the Government's citizenship decisions under section 1503 of the INA.  *See, e.g., Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 401 (5th Cir. 2007) (declining plaintiff's invitation to "find that a due process right inheres naturally in a claim to citizenship itself" and rejecting a Fifth Amendment claim as an alternative to proceeding under §1503(a)).  The Court agrees with the Fifth Circuit that to recognize such an independent due process right would allow courts in some circumstances "to consider—and ultimately

11

recognize—a claim to citizenship outside of the procedures established by Congress . . . . Section 1503(a)(1), albeit procedural and not substantive, is part of the panoply of congressional acts that determines how those born outside of the United States . . . acquire citizenship." *Id*. Here, because it has not yet been adjudicated that Ms. Holley is a U.S. citizen, section 1503(a), not the Fifth Amendment, is the appropriate avenue through which Plaintiff may challenge her passport denial.[7]

### III.   CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED**. Plaintiff's APA, DJA, and Mandamus Act claims are dismissed with prejudice. Plaintiff's Fifth Amendment and EAJA claims are dismissed without prejudice. Plaintiff is given leave to amend her complaint, within 21 days from the date of the accompanying Order, to assert a claim under section 1503(a) of the Immigration and Nationality Act, consistent with this Opinion.

**DATED**: March 30, 2022

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[7]   Plaintiff may bring a colorable Fifth Amendment claim if it is determined that the Government wrongfully deprived Plaintiff of her passport. The Court, however, does not comment on the success of such a claim.